FILED
2006 Dec-20  AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY JOE SIMRELL,** | ) |
| Plaintiff, | ) |
| vs. | )  Civil Action Number |
| | )  **2:06-cv-4868-UWC** |
| **BRYCE HOSPITAL,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On December 14, 2006, Plaintiff Timothy Joe Simrell, who is proceeding *pro se*, filed the present action against Bryce Hospital, which is a mental institution located in Tuscaloosa, Alabama. Mr. Simrell asserts that his rights were violated by the Bryce facility and its employees in 1982 when he was a patient. According to Mr. Simrell, in 1982 he was beaten by three other patients who used racial slurs during the attack. Mr. Simrell also alleges that Bryce employees heard him screaming during the attack, but failed to come to his aid. Accordingly, he is "suing for the nightmare of a beating . . . ." (Doc. 1, Handwritten statement at p. 4.)

Presumably, Mr. Simrell attempts to assert claims under Section 1983 and/or Alabama State law.

Section 1983 has no statute of limitations of its own. Rather, this Court must look to the forum state's general personal injury statute when determining the timeliness of a claim under

Section 1983.  *See Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11th Cir. 2003).  Here, the applicable statute of limitations for Section 1983 claims is two years.  *See id.*  Similarly, under Alabama law, any claims for personal injury, of the sort asserted here, must be filed within two years for the date the injury accrued.  Ala. Code § 6-2-38; *See Nelson v. Estate of Frederick*, 855 So. 2d 1043, 1047 (Ala. 2003).  "A cause of action accrues when a party suffers an injury or loss or damage entitling him or her to maintain an action."  *Id.* at 1047.

In his complaint, Mr. Simrell repeatedly states that the incidents which gave rise to the present lawsuit occurred in 1982.  Thus, Mr. Simrell's claim against Bryce accrued in 1982.  Under ordinary circumstances, the statute of limitations would have run in 1984, two years after the alleged beating.

The Court's analysis does not end there, however, because Mr. Simrell's status as a patient at Bryce indicates that he may not have been legally competent at the time of the beating.  In situations were a plaintiff is not legally competent at the time of the injury, Alabama law <u>generally</u> provides that the claim may be brought three years "after the termination of the disability . . . ."  Ala. Code § 6-2-8.  In other words, if a person who is legally incompetent suffers an injury during the incompetency, he has three years after becoming competent to file a claim.

Additionally, Alabama law provides that persons who were incompetent when injured may <u>not</u> file a lawsuit more than twenty years from the date the claim accrued.  Ala. Code § 6-2-8 ("No disability shall extend the period of limitations so as to allow an action to be commenced . . . after the lapse of 20 years from the time the claim or right accrued.")  Because Mr. Simrell's claim accrued in 1982, more than twenty years prior to the date this lawsuit was filed, his claims

are time barred and he is not allowed to proceed with this lawsuit.

Accordingly, by separate order, Mr. Simrell's claims will be dismissed with prejudice.

Done this 19th day of December, 2006.

_____
U.W. Clemon
United States District Judge